UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL COTTON,                )
                               )
            Petitioner,        )
                               )
      vs.                      )   No. 4:03CV407-DJS
                               )
DON ROPER,                     )
                               )
            Respondent.        )

## ORDER

Now before the Court are the report and recommendation of the United States Magistrate Judge recommending the denial of Michael Cotton's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, and petitioner Cotton's objections to the report and recommendation. Petitioner's objections incorporate by reference his earlier-filed traverse. This Court gives *de novo* consideration to the challenges to the report and recommendation represented by the arguments set forth in the traverse, as required by 28 U.S.C. §636(b)(1).

The Court rejects petitioner's contention that the trial court's failure to give the self-defense instruction proffered by the defense violated petitioner's constitutional rights. A self-defense instruction agreed upon by both counsel was given. Petitioner fails to show that the additional language he urges was supported by the evidence and should properly have been employed by

the trial court.  This Court is unpersuaded that petitioner's rights were violated or that the state court's rejection of this ground for relief is shown to be contrary to, or an unreasonable application of, clearly established federal law.

Petitioner next seeks relief on grounds of prosecutorial misconduct based on the prosecutor's closing argument.  The Court's *de novo* consideration of the issue persuades it that petitioner fails to establish any right to habeas corpus relief.  The allegedly improper argument did not fatally infect petitioner's trial with fundamental unfairness and was not a violation of due process.  Neither was the state court's rejection of the claims on this issue contrary to or an unreasonable application of federal legal principles.

Finally, petitioner alleges that his trial counsel rendered ineffective assistance by failing to elicit testimony from certain witnesses concerning the victim's violent conduct and reputation for violence.  The state courts rejected the claim after an evidentiary hearing, finding that counsel acted reasonably in the circumstances, in which petitioner raised the issue with counsel at the eleventh hour, and further finding that the witnesses did not testify at the postconviction relief hearing to establish what their testimony would have been at trial.  In view of these sound findings and conclusions, no right to relief is shown under the applicable standard of §2254(d)(1).  Not to have

sought a trial continuance in order to further explore the witnesses is a distinct claim of ineffective assistance from that of failure to investigate and call the witnesses as pled in the instant petition.  Furthermore, the required showing of prejudice is also lacking for such a claim due to the lack of an evidentiary record as to what the substance of the testimony would have been.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #17] are overruled, and the magistrate judge's report and recommendation [Doc. #11] is accepted and adopted.

Dated this ___15th___ day of September, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE